UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELLOW INDUSTRIES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>TURLYN INTERNATIONAL, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-02270-LJC<br><br>**MOTION TO SERVE DEFENDANTS BY ALTERNATIVE MEANS**<br><br>Re: Dkt. No. 17 |

Before the Court is Plaintiff's Motion to Serve China-Based Defendants by Alternative Means pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. ECF No. 17 at 2. After Plaintiff filed its motion three of the five China-Based Defendants that were the subject of the motion signed waivers of the service of summons. ECF Nos. 19-22. None of the five China-Based Defendants have yet appeared in the case or opposed the motion. The Court held a hearing on the motion on July 25, 2023. Having read the papers and carefully considered Plaintiff's arguments, all materials on the record, and the relevant legal authority, the Court DENIES Plaintiff's motion without prejudice.

**I.    BACKGROUND**

On May 10, 2023, Plaintiff initiated this patent infringement lawsuit related to a kettle design against U.S.-based Defendants Turlyn International, Inc., Haier America Trading, LLC (Haier America), and LTMATE Global Inc. ECF No. 1 (Compl.) ¶¶ 5–8. On June 12, 2023, Plaintiff filed an Amended Complaint that, among other things, added U.S.-based defendant Royalux Inc. and five China-based defendants Guangzhou Haier Information Technology Co. Ltd. (Haier Information Technology), Guangzhou Haier Global Trading Co. Ltd (Haier Global Trading) (collectively, Haier China-based Defendants), Jiangmen Jianxin Trading Co., Ltd.

(Jianxin), Jiangmen Yongkeng Electric & Hardware Co. (Yongkeng), and Guangzhou Chwares E-Business Co., Ltd. (CHwares).  ECF No. 14 (Am. Compl.) ¶¶ 8–9, 12–14.

Plaintiff asserts that it has served the Amended Complaint on the U.S.-based Defendants through "traditional means."[1]  ECF No. 17 at 2.[2]  With respect to the Haier China-based Defendants, Plaintiff's Counsel declares that he and Plaintiff's "investigative firm . . . determined that the[y] both [] use the email address buyer.sda@haierhk.com."  ECF No. 17-1 (Phillips Decl.) ¶ 6.  Relatedly, between May 18, 2023, and May 26, 2023, after Plaintiff's original Complaint was filed, Plaintiff's Counsel communicated with Lauren Kerwin of Potomac Law regarding Haier America.  See ECF No. 17-7 (Phillips Decl. Ex. F).  In an email, Kerwin informed Plaintiff's Counsel that Haier America was dissolved in 2021 and transferred its remaining assets and liabilities to a trust that was dissolved on December 31, 2022.  Id. at 3.  In response to Plaintiff's Counsel's reference to the Haier China-based Defendants, Kerwin stated, "[i]f these are legitimate companies, [Plaintiff] would need to name those entities and serve them via the Hague Convention."  Id. at 2.  Plaintiff subsequently named the Haier China-based Defendants in its Amended Complaint.

On June 14, 2023, the Summons for the Amended Complaint was issued, listing the email address "buyer.sda@haierhk.com" and a physical service address in China for both Haier China-based Defendants.  ECF No. 16 at 5, 7.  On June 16, 2023, Plaintiff moved to serve the Haier China-based Defendants by alternative means, specifically, by email.  ECF No. 17.  On the Certification of Service for its Motion, Plaintiff included the buyer.sda@haierhk.com email address and the email address of Lauren Kerwin.  Id. at 12.  The Certification of Service did not include the physical address that was listed in the Summons for the Haier China-based Defendants.

On July 17, 2023, as referenced above, China-based Defendants Jianxin, Yongkeng, and CHwares agreed to waive the service of summons.  ECF Nos. 19, 20–22.  As such, Plaintiff's

---

[1] The Court notes that Plaintiff has not yet filed its proof of service on the U.S.-based Defendants.
[2] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system when the document is electronically filed.

1 Motion only applies to Defendants Haier Information Technology and Haier Global Trading, the
2 Haier China-based Defendants. ECF No. 19 at 2.

## II. DISCUSSION

The Court's analysis begins with the Hague Service Convention because the United States and China are both parties to this multilateral treaty. The Convention serves "to simplify, standardize, and generally improve the process of serving documents abroad," specifying approved methods of service and preempting inconsistent methods of service wherever it applies. Water Splash, Inc. v. Menon, 581 U.S. 271, 273 (2017). The Convention's language is mandatory "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Volkswagenwerk v. Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988) (internal quotation marks omitted). The Convention authorizes service in several ways, including (a) through a receiving country's central authority, (b) by diplomatic and consular agents, through consular channels, on judicial officers in the receiving country, or direct service by postal channels, unless the receiving country objects, and (c) by additional methods of service that a signatory country may designate within their borders either unilaterally or through side agreements. Facebook, Inc. v. 9 Xiu Network (Shenzhen) Technology Co., Ltd., 480 F. Supp. 3d 977, 980 (2020). The Convention also establishes exceptions to these channels of service, such as where the address of the person to be served with the document is not known and in the "case of urgency." Id. at 980–81 (describing exceptions).

Turning to the Federal Rules of Civil Procedure, service on a corporation in a foreign country is permitted by "any manner prescribed by Rule 4(f)." Fed. R. Civ. P. 4(h)(2).

Rule 4(f) states:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice [including by a method

>prescribed by the foreign country's laws] . . . ; or
>
>(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

As summarized in Facebook, Inc., subsection (1) of Rule 4(f) implements the Convention subsection; subsection (2) provides options to a party serving process when no international agreement is applicable or when internationally agreed process methods are not intended to be exclusive; and subsection (3) "serves as a safety valve for unanticipated situations," 480 F. Supp. 3d at 981 (citing 4B Charles A. Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1133 (4th Ed. April 2023 Update)).

Here, Plaintiff argues that the Court may authorize service by email based on the Ninth Circuit's decision in Rio Properties, Incorporated v. Rio International Interlink, 284 F.3d 1007 (9th Cir. 2002). ECF No. 17 at 7–8. Rio Properties's application of Rule 4(f), however, is limited. There the receiving country, Costa Rica, unlike China, was not a signatory to the Convention. While the Ninth Circuit stated that "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)," the parties there agreed that the Hague Convention did not apply to their case, and consequently Rule 4(f)(1) was not at issue. Id. at 1015 & n.4. Furthermore, in Rio Properties, service under Rule 4(f)(2) was impractical and not required under Rule 4(f)'s structure. Id. at 1013 (describing lack of a domestic agent and the absence of a physical address in Costa Rica), 1014–1015 (rejecting hierarchy of preferred methods of service in cases involving a non-signatory country); see, also, Facebook, Inc., 480 F. Supp. 3d at 985.

Plaintiff further argues that email service is justified on account of "urgency." ECF No. 17 at 9. Though the Convention, adopted in 1965, did not expressly address email, it permits the court to order provisional or protective measures "in case of urgency," bypassing approved methods of service set forth in Articles 8 through 10. Art. 15; see Art. 8–10; see, also, Facebook, Inc., 480 F. Supp. 3d at 980.

Plaintiff contends that it will be irreparably harmed by the Haier China-based Defendants' continued misappropriation of its intellectual property. The record, however, lacks any evidence of harm. In this respect, this case is readily distinguishable from others. See Microsoft v.

4

Goldah.com Network Technology Company, No. 17-CV-02896-LHK, 2017 WL 4536417, at *4 (N.D. Cal. 11, 2017) (describing Microsoft's motion for expedited discovery, temporary restraining order, and other evidence of urgency).  Nor is there evidence of an urgent need for email service based on an extended delay in service by a Central Authority or lack of a physical address.  See, e.g., Victaulic v. Allied Rubber et al., No. 3:17-cv-01006-BEN-JLB, 2020 U.S. Dist. LEXIS 82150, at *2 (S.D. Cal. May 8, 2020) (noting the thirty-four month delay in service by the Chinese Central Authority and evidence of COVID-related shut-down); GSV Futures v. Casmain, 2022 WL 16856361, at *2 (N.D. Cal Nov. 10, 2022) (noting a lack of a known physical address for defendant in China); see, also, D.Light Design, Inc. v. Boxin Solar Co., No. C-13-5988 EMC, 2015 WL 526835, at *2 (N.D. Cal. Feb. 6, 2015) (ruling that, despite Plaintiffs' diligent efforts to locate defendants' addresses, they remained unknown, and thus the Convention did not apply).  If Plaintiff's summary assertions were sufficient to excuse compliance with the ordinary Convention methods, the urgency exception would apply in every misappropriation case.

Even if Plaintiff had established urgency, it has not demonstrated that service by email would be "reasonably calculated" to provide notice to the Haier China-based Defendants and thus comport with due process.  Due process under the Constitution "does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond."  Rio Properties, Inc., 284 F.3d at 1017.  Courts have found, under some circumstances, that email service is reasonably calculated to apprise the interested parties of a pending lawsuit.  GSV Futures, 2022 WL 16856361, at *3; see Sec. & Exch. Comm'n v. Richman, No. 21-CV-01911-CRB, 2021 WL 9816612, at *4 (N.D. Cal. July 19, 2021) ("Given the SEC and Defendants' Counsel's previous and ongoing email exchanges, service of process via email is appropriate").

Plaintiff has not shown similar circumstances here.  Plaintiff argues that "because counsel for Plaintiff has previously communicated either directly with, or through counsel for, the [Haier] China-Based Defendants, there can be no question that the service via email w[ould] adequately apprise and notify the Chinese Defendants of this litigation."  ECF No. 17 at 9.  But Plaintiff has not communicated with the Haier China-based Defendants at all.  Rather, Plaintiff's Counsel

1  communicated with Lauren Kerwin regarding Haier America.  Nowhere in Kerwin's email does
2  she state or assert that she represents the Haier China-based Defendants.  Phillips Decl. Ex. F.
3  Instead, Plaintiff asks the Court to infer that Kerwin represents the Haier China-based Defendants
4  because she stated, "[i]f these [Haier China-based Defendants] are legitimate companies,
5  [Plaintiff] would need to name those entities and serve them via the Hague Convention."  Id. at 2.
6  Kerwin assertion as to the proper method of service for the Haier China-based Defendants does
7  not establish that she represents them or is authorized to accept service on their behalf.
8      The Court also finds the evidence lacking with respect the Haier China-based Defendants'
9  use of the asserted email address, buyer.sda@haierhk.com.  Plaintiff's Counsel declares that he
10 and Plaintiff's "investigative firm . . . determined that [the Haier China-based Defendants] both []
11 use the email address buyer.sda@haierhk.com."  Phillips Decl. ¶ 6.  But this amounts to an
12 opinion.  Even construed as a factual statement, it lacks foundation.  There is no evidence of how
13 Counsel or Plaintiff's investigative firm made this determination.  Plaintiff did not provide a
14 declaration from its investigator setting forth the evidence that Haier China-based Defendants use
15 that particular email address.
16     Because Plaintiff's motion for email service fails satisfy Rule 4(f) and constitutional due
17 process, Plaintiff's Motion is DENIED without prejudice.
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

### III.   CONCLUSION

For the reasons stated above, the Court **DENIES** without prejudice Plaintiff's Motion to Serve Defendants Haier Information Technology and Haier Global Trading by Alternative Means. In a future motion the Court may consider email service if Plaintiff shows that China's Ministry of Justice is not willing to effectuate service, establishes that the Haier China-based Defendants' physical addresses are unknown and cannot be reasonably identified, or shows another exception to the Hague Convention's methods of service applies.

**IT IS SO ORDERED.**

Dated: August 15, 2023

LISA J. CISNEROS
United States Magistrate Judge