# EXHIBIT B

# EXHIBIT B

Case 5:23-cv-02270-BLF   Document 90-2   Filed 03/27/24   Page 2 of 4

Youngevity International, Inc. v. Innov8tive Nutrition, Inc., Not Reported in Fed. Rptr....

2024 WL 838707
Only the Westlaw citation is currently available.
United States Court of Appeals, Ninth Circuit.

YOUNGEVITY INTERNATIONAL, INC., a Delaware Corporation, Plaintiff-Appellant,

v.

INNOV8TIVE NUTRITION, INC., a Texas Corporation; et al., Defendants-Appellees.

No. 23-55350
|
Argued and Submitted February 13, 2024 Pasadena, California
|
FILED FEBRUARY 28, 2024

Appeal from the United States District Court for the Southern District of California, Linda Lopez, District Judge, Presiding, D.C. No. 3:22-cv-00721-LL-WVG

**Attorneys and Law Firms**

Peter Ayer Arhangelsky, Greenberg Traurig, LLP, Phoenix, AZ, Eric Jordan Awerbuch, Youngevity International, Inc., Chula Vista, CA, for Plaintiff-Appellant.

Vito Anthony Costanzo Attorney, Wendy Qiu Attorney, Stacey Hsiang Chun Wang, Holland & Knight, LLP, Los Angeles, CA, for Defendants-Appellees.

Before: CALLAHAN and IKUTA, Circuit Judges, and LASNIK,[*] District Judge.

MEMORANDUM[**]

**\*1** Youngevity International, Inc. ("Youngevity") appeals the district court's dismissal under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Youngevity sued Innov8tive Nutrition, Inc. ("Innov8tive") and LaCore Enterprises, LLC ("LaCore"), alleging claims of false advertising under the Lanham Act and California state law. We have jurisdiction under 28 U.S.C. § 1291. We assume the parties' familiarity with the facts and do not recite them in detail here. After the district court decision, this court decided Herbal Brands, Inc. v. Photoplaza, Inc., 72 F.4th 1085 (9th Cir. 2023), cert. denied, 2024 WL 218786 (January 22, 2024).

Based primarily on that intervening precedent, we reverse and remand.

**1.** We review de novo the dismissal of a case for lack of personal jurisdiction under Rule 12(b)(2). Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). Jurisdiction under California law is coextensive with federal constitutional requirements, see Cal. Code Civ. Pro. § 410.10, and we apply a three-part test to determine if specific personal jurisdiction comports with federal due process requirements: (1) the defendant must purposefully avail itself of the privilege of conducting activities in the forum or purposefully direct activities towards the forum; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The burden is on Youngevity to demonstrate jurisdiction is appropriate. Id. at 800.

The district court held that under the Calder v. Jones test for purposeful direction, Youngevity had not shown that Innov8tive had expressly aimed its conduct at California. See 465 U.S. 783, 788–89 (1984); Dole Foods, 303 F.3d at 1111 (noting the "effects" test requires (1) an intentional act, (2) expressly aimed at the forum state, (3) causing harm the defendant knows is likely to be suffered in the forum state). However, the district court lacked the benefit of this court's decision in Herbal Brands, where we held that "if a defendant, in its regular course of business, sells a physical product via an interactive website and causes that product to be delivered to the forum, the defendant has purposefully directed its conduct at the forum such that the exercise of personal jurisdiction may be appropriate." 72 F.4th at 1088.

Here, there is no dispute that Innov8tive sells a physical product via an interactive website. While admitting that it has made sales directly to California, Innov8tive argues that such sales are not part of its ordinary course of business given it primarily sells product through third-party promoters, and sales to California compromise only 6% of its relevant business. But the percentage of sales is not the relevant inquiry. Instead, the record shows that Innov8tive's interactions with California are not "random, isolated, or fortuitous." Herbal Brands, 72 F.4th at 1094 (citation omitted) ("The outcome of the express-aiming inquiry does not depend on the number of sales made to customers in the forum." Id. at 1095.); see also Ayla, LLC v. Alya Skin Pty. Ltd., 11 F.4th 972, 981 (noting there was not a "small percentage of sales" exception to purposeful direction

Case 5:23-cv-02270-BLF   Document 90-2   Filed 03/27/24   Page 3 of 4

Youngevity International, Inc. v. Innov8tive Nutrition, Inc., Not Reported in Fed. Rptr....

principles). Additionally, similar to the defendants in *Herbal Brands*, Innov8tive apparently "maintain[s] a distribution network that reach[es] the relevant forum" because it accepts orders from California residents and delivers its products there. *Herbal Brands*, 72 F.4th at 1094–95.

**\*2** Under *Herbal Brands*, Youngevity has sufficiently alleged facts showing Innov8tive expressly aimed its conduct at California and therefore has met the purposeful direction prong of the jurisdictional analysis.[1] We leave to the district court to address in the first instance the remainder of the specific personal jurisdiction analysis.

**2.** Youngevity appeals the district court's finding that Innov8tive is neither the alter ego of LaCore nor LaCore's agent. Under the alter ego test, a plaintiff must show that (1) there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015). Alter ego is a factual determination which we review for clear error. *See Wolfe v. United States*, 798 F.2d 1241, 1243 n.2 (9th Cir. 1986); *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020).

Youngevity has pled some facts supporting an alter ego finding, such as LaCore's majority ownership over Innov8tive, shared offices and employees, a shared sole director, and the existence of a services agreement whereby LaCore provides management, consulting, accounting, and administrative services. However, we have held in the past that such allegations alone are insufficient to show an alter ego relationship. *See Ranza*, 793 F.3d at 1073–74 (finding overlap of board members and employees insufficient to show alter ego relationship); *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) (noting shared senior management and directors do not necessarily establish an alter ego relationship). And, as noted by the district court, Youngevity did not allege any failure to observe corporate formalities. *See In re Boon Glob. Ltd.*, 923 F.3d 643, 653–54 (9th Cir. 2019) (noting a lack of evidence that the entities comingled funds or did not maintain corporate formalities such as keeping separate accounting books); *Wolfe*, 798 F.2d at 1244 (relying on shared accounts for business transactions such as taxes, payroll, and business purchases in finding alter ego relationship). Therefore, we see no clear error in the district court's conclusion.

**3.** Youngevity also challenges the district court's denial of jurisdictional discovery. We review the denial of jurisdictional discovery for an abuse of discretion. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023). To the extent Youngevity requested discovery related to Innov8tive's jurisdictional contacts, that request is now moot. However, Youngevity also seeks jurisdictional discovery related to the possible alter ego or agency relationship between LaCore and Innov8tive, for example, the terms of the services agreement between the two entities. The district court denied that request, finding "the discovery [Youngevity] seeks to support its arguments on alter ego or agency theories of jurisdiction would not change the jurisdictional analysis because it has not shown that [ ] Innov8tive ... has sufficient jurisdictional contacts with California." While this analysis was correct on the record before the district court, our decision today concludes that there are sufficient jurisdictional contacts by Innov8tive which could be imputed to LaCore. Therefore, because the district court's underlying assumption as to the futility of jurisdictional discovery is no longer true and because "[f]urther discovery on this issue might well demonstrate facts sufficient to constitute a basis for jurisdiction" over LaCore, the district court is directed to allow Youngevity to take discovery into the relationship between the two companies. *Harris Rutsky*, 328 F.3d at 1135.

**\*3 4.** Given the possibility of additional information coming to light with jurisdictional discovery, we cannot say that amendment of the complaint would be futile. *See Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) ("Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment."). Therefore we reverse the district court's decision in that regard and direct the district court to grant Youngevity leave to amend to plead additional facts that could support the establishment of an alter ego or agency relationship between Innov8tive and LaCore.

For the foregoing reasons, we reverse the district court's dismissal of Youngevity's complaint, its denial of jurisdictional discovery, and its denial of leave to amend.

**REVERSED AND REMANDED.**

**All Citations**

Not Reported in Fed. Rptr., 2024 WL 838707

Youngevity International, Inc. v. Innov8tive Nutrition, Inc., Not Reported in Fed. Rptr....

Case 5:23-cv-02270-BLF   Document 90-2   Filed 03/27/24   Page 4 of 4

## Footnotes

\*  The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

\*\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1  The parties do not dispute the district court's finding that Innov8tive committed an intentional act, and do not make any argument as to the third element under *Calder*, which is that the act caused harm the defendant knew was likely to be suffered in the forum state. Therefore, we find that the requirements of purposeful direction are met.

**End of Document**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.